McGREGOR W. SCOTT
United States Attorney
JOSEPH B. FRUEH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
E-mail:      joseph.frueh@usdoj.gov
Telephone: (916) 554-2702
Facsimile:  (916) 554-2900

Attorneys for Defendant
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES J. SULLIVAN III, *et al.*,<br><br>       Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA*, et al.*,<br><br>       Defendants. | Case No. 2:18-cv-03066-MCE-EFB<br><br>**ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS (ECF 30)** |

In their First Amended Complaint ("FAC," ECF 23), Plaintiffs seek a judicial decree regarding their interests in property vis-à-vis Defendants United States of America and Union Pacific Railroad Company.  Specifically, Plaintiffs assert interests in portions of the right-of-way the United States granted to Union Pacific and the Central Pacific Railroad in 1862 to construct the First Transcontinental Railroad.  Plaintiffs contend that Central Pacific's successors-in-interest (including Union Pacific) disposed of, abandoned, or otherwise lack ownership of the outer 300 feet of the right-of-way vis-à-vis Plaintiffs' predecessors-in-interest.  *See* FAC ¶¶ 17–24.

The Quiet Title Act provides the "exclusive means by which adverse claimants [may] challenge the United States' title to real property."[1]  *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*,

---

[1] The Declaratory Judgment Act is "procedural only" and does not waive the sovereign immunity of the United States.  *Robinson v. Salazar*, 838 F. Supp. 2d 1006, 1040–41 (E.D. Cal. 2012); *Equitable Life Assurance Soc'y v. Mischo*, 363 F. Supp. 2d 1239, 1243 n.5 (E.D. Cal. 2005); *see also Nationwide*

461 U.S. 273, 286 (1983).  As with all waivers of sovereign immunity, the Quiet Title Act is strictly construed in favor of the United States.  *Id.* at 275–76; *Humboldt County v. United States*, 684 F.2d 1276, 1280 (9th Cir. 1982).  The Act's waiver of sovereign immunity is expressly limited to the following specific conditions: (1) where the plaintiff identifies a "disputed title to real property in which the United States claims an interest," and (2) where the plaintiff "set[s] forth with particularity" the "right, title, or interest claimed by the United States."  28 U.S.C. § 2409a(a), (d).

Here, the United States has not expressly asserted any claim to the parcels identified in the FAC, and Plaintiffs do not allege otherwise.  *See Mills v. United States*, 742 F.3d 400, 405 (9th Cir. 2014) (finding no waiver of sovereign immunity under the Quiet Title Act where "the United States does not expressly dispute the existence" of the plaintiff's title to real property); *Friends of Panamint Valley v. Kempthorne*, 499 F. Supp. 2d 1165, 1177 (E.D. Cal. 2007) ("Plaintiffs suing the United States bear the burden of demonstrating the United States has waived its sovereign immunity with respect to the claims raised." (citing *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995); *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987))).  Plaintiffs also fail to specify any right, title, or interest claimed by the United States—let alone with "particularity."  *Contra* 28 U.S.C. § 2409a(d).  Rather, in conclusory fashion, Plaintiffs merely posit that their properties are "encumbered by some right of the United States."  FAC ¶ 1.  Because Plaintiffs fail to satisfy the prerequisites of the Quiet Title Act, their claims against the United States must be dismissed for lack of subject matter jurisdiction.

Any Opposition to the United States' Motion to Dismiss was to be filed no later than July 23, 2020.  *See* E.D. Cal. Local R. 230(c); ECF 31.  To date, the docket does not reflect the filing of any Opposition.  Pursuant to Local Rule 230(c), the Court construes the non-filing of an Opposition as non-opposition to the Motion.  The Court further notes that Plaintiffs already received an opportunity to amend their original Complaint in response to the arguments raised in the United States' initial Motion to Dismiss.  *See* ECF 20, 22–23, 28.

---

*Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005) ("[T]he Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction.").  Likewise, "the United States is not a citizen of any state within the meaning of diversity jurisdiction."  *Darling v. United States*, 352 F. Supp. 565, 567 (E.D. Cal. 1972); *accord Mischo*, 363 F. Supp. 2d at 1243 n.4; *see also Block*, 461 U.S. at 284–85 ("A claim that seeks a title determination against the United States can only be brought under the Quiet Title Act, not the Declaratory Judgment Act or any other law.").

Accordingly, IT IS HEREBY ORDERED that Defendant United States of America's Motion to Dismiss (ECF 30) is GRANTED, WITHOUT LEAVE TO AMEND.  The United States is dismissed as a party to this action.  The case proceeds as to Defendant Union Pacific Railroad Company.

IT IS SO ORDERED.

Dated:  August 10, 2020

_____

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE